### LONDON v. ATTIS.

(Supreme Court, Appellate Term. April 8, 1909.)

1. APPEAL AND ERROR (§ 523*)—RECORD—AFFIDAVITS.

Affidavits cannot be considered as part of the record on an appeal, unless the appeal is from a judgment against a defendant who claims not to have been served.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2372–2374; Dec. Dig. § 523.*] ·

2. APPEAL AND ERROR (§ 140*)—PERSONS ENTITLED TO APPEAL.

An appeal by Max F. Attis from a default judgment awarded against Melody Attis in an action wherein the latter was defendant, on service of summons on the former, must be dismissed.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 906; Dec. Dig. § 140.*]

Appeal from Municipal Court, Borough of Manhattan, Second District.

Action by Samuel London, Jr., against Melody Attis. From a default judgment, Max F. Attis appeals. Appeal dismissed.

Argued before GILDERSLEEVE, P. J., and SEABURY and LEHMAN, JJ.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes.

Nathan H. Stone, for appellant.

Louis Spiegel, for respondent.

GILDERSLEEVE, P. J. The return in this case is unintelligible. The original summons is not attached. The clerk's certificate begins by reciting that, an appeal having been taken from a judgment in an action wherein "Samuel London, Jr., was plaintiff, and Melody Attis was defendant," etc. Then follows what purports to be a copy of a summons issued against Melody Attis. The record then shows that one Roos made oath that he served a copy of the within summons on "Max F. Attis," and that on the return day, the defendant "not appearing, issue being thus joined between the parties," the case was adjourned until November 23, 1908, when judgment was rendered against the defendant "upon default." Whether the defendant was Max F. Attis or Melody Attis does not appear, except by inference. The stenographer's minutes make mention of no defendant's name, and no one but the plaintiff was sworn. The defendant, whoever he or she is, did not appear, and no one appeared in his or her behalf.

The notice of appeal contains the name of "Max F." Attis as defendant. The name of "Max F." is stated in such notice to be fictitious; but there is nothing in the record showing that to be the fact, nor is there anything in such notice of appeal to show that Melody Attis is the appellant. So far as the record shows, a summons was issued against Melody Attis and served upon Max F. Attis. In an affidavit handed up, made by the clerk of the attorney who signed the notice of appeal, he states that the docket shows that the summons was issued against a man named Max F. Attis, the "Max. F." being fictitious, and that the affidavit of service shows that it was served upon Max F. Attis, and that judgment was entered against Melody Attis. Affidavits cannot be considered as part of the record upon an appeal, unless the appeal is from a judgment taken against a defendant who claims not to have been personally served with a summons. If the statement in the above-mentioned affidavit is true, no judgment seems to have been taken against Max F. Attis; and, as it does not appear that Melody Attis has appealed, the appeal must be dismissed. If no service was made upon Melody Attis, and her time to appeal from a judgment entered against her has not been limited according to the provisions of section 311 of the Municipal Court act (Laws 1902, p. 1578, c. 580), her right to appeal still exists.

Appeal dismissed, without costs. All concur.